NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0082n.06

No. 09-1065

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 10, 2010**
LEONARD GREEN, Clerk

MARK LEDERTOUG, an individual,　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)　　ON APPEAL FROM THE
　　　　Plaintiff-Appellant,　　　　　　　　)　　UNITED STATES DISTRICT
　　　　　　　　　　　　　　　　　　　　　　)　　COURT FOR THE EASTERN
v.　　　　　　　　　　　　　　　　　　　　)　　DISTRICT OF MICHIGAN
　　　　　　　　　　　　　　　　　　　　　　)
BOULEVARD & TRUMBULL TOWING, INC.,　)　　M E M O R A N D U M
a Delaware corporation; and OFFICIAL　　)　　O P I N I O N
TOWING, INC., a Delaware corporation,　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants-Appellees.　　　　　　　)

BEFORE:　　MARTIN, ROGERS and McKEAGUE, Circuit Judges.

　　　　**PER CURIAM.**　Plaintiff Mark Ledertoug appeals from the district court's award of summary judgment in favor of defendant towing companies. The action stems from the allegedly wrongful removal, impoundment and eventual sale of Ledertoug's tractor truck by defendants Boulevard & Trumbull Towing, Inc., and Official Towing, Inc. for approximately $6000.[1] The towing companies had acted at the request of Home Depot USA, Inc., on whose property in Roseville, Michigan, the truck had been parked for over a year. Ledertoug insists that he had Home Depot's consent to park his truck on its property and that his truck could not therefore be lawfully

----

　　　　[1]We note that federal subject matter jurisdiction is premised on the parties' diversity of citizenship. 28 U.S.C. § 1332. Although defendants have not conceded that the amount-in-controversy requirement is met, neither have they challenged the good-faith basis for plaintiff's allegation that it is.

treated as an abandoned vehicle.[2]  Yet, as the district court observed in its summary judgment opinion, Ledertoug conceded that discovery had produced no evidence that the towing companies had acted other than in compliance with Michigan law.  Accordingly, there being no evidence of a breach of duty owed to Ledertoug by the towing companies, the district court held there was no genuine issue of material fact and awarded judgment to the defendants on Ledertoug's claims for statutory violation, negligence and conversion.

On appeal, Ledertoug has not raised any argument that is not fairly and adequately addressed in the district court's opinion.  Although we review the district court's ruling de novo, we find no error.  Accordingly, finding that a separate opinion would be duplicative and unnecessary, we hereby **AFFIRM** the district court's judgment on the basis of its opinion.

---

[2]Ledertoug's complaint states claims against Home Depot as well.  These claims were voluntarily dismissed pursuant to a negotiated settlement before summary judgment was granted to the towing companies.